UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK NILSON,

       Plaintiff,                                            Hon. Janet T. Neff

v.                                                                 Case No. 1:18-cv-908

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 5). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

On August 14, 2018, Plaintiff initiated this action appealing the Commissioner's decision denying his claim for benefits. Pursuant to 42 U.S.C. § 405(g), appeals such as this must be filed in the district court within 60 days of the Commissioner's final decision. This requirement is not jurisdictional in nature, but instead operates as a statute of limitations. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). However, because this limitations period constitutes a waiver of sovereign immunity it "must be strictly construed." *Id.* at 479.

In a decision dated November 17, 2017, Plaintiff's claim for disability benefits was denied by an Administrative Law Judge. (ECF No. 5-1 at PageID.35-46). Plaintiff appealed this determination to the Appeals Council. In a decision dated April 30, 2018, the Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (ECF No. 5-1 at PageID.52-58). This decision instructed Plaintiff that

if he wished to seek judicial review of the Commissioner's determination, he must do so within 60 days.  (ECF No. 5-1 at PageID.53-54).   Plaintiff was further informed that

> The 60 days start the day after you receive this letter.   We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.   You must have a good reason for waiting more than 60 days to ask for court review.   You must make this request in writing and give your reason(s) in the request.

(ECF No. 5-1 at Page ID.54).

Accordingly, the 60 day limitations period began to run May 5, 2018, and expired on July 5, 2018.   Thus, Plaintiff's action, filed August 14, 2018, is untimely.   While the relevant statute of limitations is subject to equitable tolling in certain circumstances, Plaintiff has not established entitlement to such relief.

Equitable tolling of the limitations period is appropriate only in "exceptional circumstances" and Plaintiff bears the burden of establishing that such circumstances exist.   *See Kellum v. Commissioner of Social Security*, 295 Fed. Appx. 47, 49 (6th Cir., Oct. 1, 2008). Equitable tolling "generally applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."   *Id.* at 50.

Plaintiff was notified of the time period within which to file his claim in the district court and there is no allegation that Defendant undertook any improper action in this matter.   *See Bowen*, 476 U.S. at 481-82.   While Plaintiff could have requested an extension of time within which to file his appeal in the district court, he did not request such.   (ECF No. 5-1 at PageID.28-31).   Plaintiff's argument that he is entitled to equitable tolling because his attorney's negligence constitutes extraordinary circumstances is unpersuasive as counsel's mistake or negligence in

calculating the filing deadline or filing his client's appeal is insufficient.  *See, e.g., Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (failure by counsel to file an action prior to the expiration of the filing deadline is an insufficient basis to invoke equitable tolling); *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003) ("a lawyer's mistake is not a valid basis for equitable tolling"). Although this result may seem harsh, the Court is constrained to follow the law.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that Defendant's Motion to Dismiss, (ECF No. 5), be **granted** and this action **terminated**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 8, 2019

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge